Thomas A. Rist (SBN 238090)
**RIST LAW OFFICE, LC**
2221 Camino Del Rio South, Suite 300
San Diego, CA 92108
(619) 377-4660
tom@sdvictimlaw.com

Attorney for Defendant

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 22-CR-0797-TWR |
| Plaintiff, | |
| v. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| ALEXI CARABALI-RODRIGUEZ (2), | Date: May 5, 2023 |
| Defendant. | Time: 9:30 a.m. |

Defendant Alexi Carabali-Rodriguez, through counsel, Thomas Rist, submits the following Sentencing Memorandum.

## I.

## SUMMARY SENTENCING RECOMMENDATION

Mr. Carabali-Rodriguez respectfully requests a sentence of 24 months in this case.

## II.

## INTRODUCTION

18 U.S.C. § 3553(a) directs a court to "impose a sentence sufficient, but not greater than necessary." Mr. Carabali-Rodriguez grew up as a fisherman in Columbia. He lost his father at a

very young age when he was murdered. He has worked from before he was an adult through the present as a fisherman and guide in Columbia. He has absolutely no criminal history and his only motivation in this case was to attempt to help his family who continue to endure economic hardships and poverty in war-torn Columbia. Mr. Carabali-Rodruigez has expressed extreme remorse for what occurred in this case and a prison sentence of 24 months would meet all § 3553 factors.

## III.

## §3553 FACTORS

**A.  The Nature and Circumstances of the Offense, and History and Characteristics of the Offender (§3553(a)(1))**

**1.  The Offense**

On March 21, 2022, the Defendant was on board a boat that was carrying cocaine off the waters of Costa Rica. The boat was located by aircraft in the area and eventually a helicopter and United States Coast Guard Cutter were dispatched to intercept the boat. The helicopter attempted to stop the boat, but it continued moving. Eventually, officers on board the helicopter fired shots at the boat and disabled the engine. Mr. Carabali-Rodriguez abandoned the vessel and was picked up out of the ocean by the Coast Guard and arrested.

Since the date of his arrest, Mr. Carabali-Rodriguez has taken responsibility for what happened and has shown clear remorse for his actions.

**2.  History and Characteristics of Defendant**

Mr. Carabali-Rodriguez is from El Charco, Columbia. When he was only 10 years old, his father was kidnapped and murdered by guerrillas in Columbia. His mother relocated to Buenaventura to find work and Mr. Carabali-Rodriguez was raised by his grandmother. He eventually went to live with his mother when he turned 14 years old but the family remained extremely poor. At times they had little to eat and were evicted from various places they lived while his mother struggled to make ends meet.

During this time period Mr. Carabali-Rodriguez was often left alone and he began associating with negative influences that led to him start abusing marijuana. Mr. Carabali-Rodriguez then dropped out of school in order to find work to try to help his mother financially. At age 18 he joined the military and served for two years. After this he worked as a fisherman and tourist guide for a boat company. When he could earn work from this during the peak season, he would make around $150 every two weeks.

He currently has an outstanding loan of $3,000 that he owes as a result of borrowing money to help his family to pay for living expenses and for medical expenses for his mother. He supports his mother, nine-year old daughter, girlfriend and siblings.

Mr. Carabali-Rodriguez hopes to pursue more education so he can attempt to earn more money once he returns to Columbia to help to support his family.

**B.    The Need for the Sentence Imposed**

U.S.C. § 3553(a)(2) provides for a court to examine several factors involving the need for the sentence imposed. Here, a sentence of 24 months reflects the seriousness of the offense, provides deterrence, protects the public, and provides correction treatment. All indications in this case reflect that Mr. Carabali-Rodriguez would have little chance of recidivism in the future.

## IV.

## DEPARTURES/VARIANCES

Mr. Carabali-Rodriguez is requesting a significant variance in this case to 24 months in custody due to his clean criminal history and the extremely low likelihood that he would ever re-offend in the future.

## V.

## ARGUMENT

The "United States Sentencing Guidelines do not require a judge to leave compassion and common sense at the door to the courtroom." *U.S. v. Johnson*, 964 F.2d 124, 125 (2d Cir. 1992). Here, a significantly long prison sentence provided for in the Sentencing Guidelines appears to be unjust. This is reflected in U.S. Probation's recommendation for a sentence of only 48 months in

this case. Mr. Carabali-Rodriguez has taken responsibility and shown remorse for what happened. He has never been in trouble with the law prior to this event. His difficult childhood where he lost his father due to the violence in Columbia coupled with abject poverty has proved very difficult to overcome. The offer to make $9,000, which would be the equivalent of several years of work, lured Mr. Carabali-Rodriguez to make an extremely poor choice in this case that will not be repeated in the future. A prison sentence of 24 months in custody is more than adequate in this case.

## VI.

## CONCLUSION

Mr. Carabali-Rodriguez submits that a sentence of 24 months of custody is appropriate in this case.

Dated: April 28, 2023  **Rist Law Office, LC**

By:  /s/ Thomas A. Rist
       Thomas A. Rist